# IN THE COURT OF APPEALS OF IOWA

No. 20-1141
Filed June 30, 2021

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**CHAVESZ JOSEPH HECK,**
     Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, John D. Telleen, Judge.

Chavesz Heck appeals the sentences imposed after pleading guilty. **AFFIRMED.**

Karmen Anderson, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Mullins and May, JJ.

**DOYLE, Presiding Judge.**

Chavesz Heck appeals the sentence imposed after he pled guilty to three charges. He contends the sentencing court abused its discretion in sentencing him to a ten-year sentence for a crime he committed when he was seventeen. Because the sentencing court did not abuse its discretion, we affirm.

Seventeen-and-a-half-year-old Heck and an accomplice fired shots into an occupied house. The two then fled law enforcement. As he fled, Heck threw his firearm onto the roof of a building. Various charges were filed against Heck in the adult and juvenile courts. A motion for reverse waiver to juvenile court was denied because there were "just not services available that fit the timeframe necessary considering [Heck's] 18th birthday [was] fast approaching." So Heck ultimately faced five counts in adult court. After negotiations with the State, Heck pled guilty to charges of intimidation with a dangerous weapon, going armed with intent, and interference with official acts while armed with a firearm. The court sentenced Heck to a term of incarceration not to exceed ten years on the intimidation charge, and terms of incarceration not to exceed five years on the going-armed and intimidation charges. The two five-year sentences were ordered to run concurrently with the ten-year sentence. Heck appeals.

To appeal from a final judgment of sentence after pleading guilty, Heck must first show he has good cause. *See* Iowa Code § 814.6(1)(a)(3) (2019 Supp). Good cause for an appeal exists when a defendant challenges the sentence rather than the guilty plea itself. *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020). The State concedes Heck has good cause to appeal but asks us to clarify the timing and

manner for raising the issue of good cause to appeal from a guilty plea. This is a procedural issue best left for our supreme court.

Heck's sentences are within statutory limits. A criminal sentence "within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002); *see also State v. Guise*, 921 N.W.2d 26, 30 (Iowa 2018). "When assessing a district court's decision for abuse of discretion, we only reverse if the district court's decision rested on grounds or reasoning that were clearly untenable or clearly unreasonable." *State v. Plain*, 898 N.W.2d 801, 811 (Iowa 2017). "Grounds or reasons are untenable if they are 'based on an erroneous application of the law or not supported by substantial evidence.'" *Id.* (quoting *State v. Dudley*, 856 N.W.2d 668, 675 (Iowa 2014)).

On appellate review of the district court's sentence, "we do not decide the sentence we would have imposed, but whether the sentence imposed was unreasonable." *State v. Hopkins*, 860 N.W.2d 550, 554 (Iowa 2015). When considering the relevant factors and goals of sentencing in a particular case, two reasonable minds may reach two different sentencing conclusions. *See Formaro*, 638 N.W.2d at 725. "Yet, this does not mean the choice of one particular sentencing option over another constitutes error. Instead, it explains the discretionary nature of judging and the source of the respect afforded by the appellate process." *Id.* "Thus, our task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.*

The intent of criminal punishment is rehabilitation of the offender and protection of the community from further offenses. *State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015). Sentencing courts consider the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform. *Id.* at 552-53. Judicial discretion in sentencing permits the court to act within the statutory limits and according to its conscience. *Id.* at 553.

The sentencing court did not consider inappropriate matters in sentencing Heck, nor does Heck make any such suggestion. In exercising judicial discretion, "the court may consider a variety of circumstances, including the nature of the offense and attending circumstances, as well as the defendant's age, character, propensities and chances of reform." *State v. Boltz*, 542 N.W.2d 9, 10 (Iowa Ct. App. 1995). Here, the court looked at the seriousness of the crime, how the crime affected the victims, Heck's willingness to accept change, and what was available in the community to assist Heck in that process. The court went on:

> Throughout this process, I look at the least restrictive alternatives first and then proceed to the more restrictive alternatives. I have reviewed the entire presentence investigation report carefully prior to sentencing today, but I have not considered any entry in the prior criminal history section of that report which do not show an adjudication of guilt or a plea of guilty. However, in your case that is somewhat irrelevant as I believe there's virtually nothing in your prior criminal history background, which is to your credit.
>
> [The prosecutor] is right in that this is a very difficult case. You have a number of factors that weigh in your favor. You were young, under the age of 18 at the time of this offense. As I've noted, you have no prior criminal history. You've been employed in the past. You seem to have the support of a loving and supportive grandmother who has raised you as your guardian. A number of the letters you gave me spoke well of your desire to better yourself, and in your comments, you did strike me as being quite sorry.
>
> However, that's a big however, you know my duty as a judge is to protect the community from the senseless acts of gun violence. You showed a really almost—I would have to think sort of a depraved

character when you shot a handgun at a house full of people with no regard for their safety, and it had to have been, if not an effort to hurt someone, it had to have been an effort to terrorize and scare. And at the very least, it showed a disregard as to whether somebody would be hit or killed.

And my job as a judge is not only to consider your background and your circumstances, but like I said, to protect the community and to deter both you and others in your position from this type of violence in the future. If—We simply cannot condone a person going to a house and shooting up the house and walking away.

In this case, I will have to say I understand the recommendation of the probation officer. Mr. Crandall is the author of the report. And I do understand he recommends probation, and I do respect his opinions. However, in this case I just think the factors of protecting the community, deterrence, both general and specific, both you and others similarly situated, requires that there be the consequence of incarceration for this crime.

Heck claims that the court abused its sentencing discretion when it failed to consider "less invasive options" like halfway houses, work release programs, and intensive probation. He also claims the court gave too much consideration to the goals of protecting the community and deterrence. Heck also alleges that the sentencing court failed to consider his behavior while released on bond for six months while the case was pending, when he appeared for his court dates and avoided further trouble. He asserts that this, and other factors, reflect he would do well on probation. But the record reflects that the court did consider the options of probation and deferred judgment and was unpersuaded given the severity of the crime.

Heck also claims that the court did not consider COVID-19 and the risk of infection in correctional facilities. Failure to acknowledge a particular sentencing circumstance does not mean it was not considered. *Boltz*, 542 N.W.2d at 11. The sentencing hearing took place in August 2020, six months into the ongoing pandemic. Given the severity and prominence of the pandemic, it is highly

improbable that the court was unaware of the virus during the sentencing hearing. In any event, Heck raises this point for the first time on appeal, so it is not preserved for our review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

In reviewing the reasons stated by the court for imposing the sentence, we cannot conclude the court's sentence was unreasonable or based on untenable grounds. We therefore discern no abuse of discretion in the court's sentence.

Because the court properly exercised its discretion in sentencing Heck, we affirm.

**AFFIRMED.**